# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. Nos. 15-351, 15-354 |
| v. | |
| JANETTE BAUTISTA, | **MEMORANDUM & ORDER** |
| Defendant. | |

The defendant, Janette Bautista, has filed a pro se letter request (DE 73), which I have treated as a motion pursuant to 18 U.S.C. § 3583(e) for early termination of her term of supervised release. For the reasons stated herein, the motion is denied.

Ms. Bautista pled guilty to theft of government funds (18 U.S.C. § 641), aggravated identity theft (18 U.S.C. § 1028(a)(1)), and bank fraud (18 U.S.C. § 1344). The scheme involved the theft and fraudulent cashing of tax refund checks, resulting in a large loss. She was sentenced to 65 months' imprisonment and restitution of $972,660.94. She is now serving concurrent terms of three and five years of supervised release, the latter of which is scheduled to terminate in December 2025. Her letter cites her clean record while on supervised release, her personal growth, her desire to make up the time she lost with her family, and her remorse. The Probation Office does not oppose the application, noting that Bautista has been compliant and is on the low intensity supervision caseload.[1]

The government opposes the motion. Its submission (DE 74) does not dispute or even really discuss the substantive § 3583 factors governing such an application. Rather, the government relies solely on Bautista's waiver of any

---

[1] Of the restitution obligation, she has paid only $5,246.09. On March 2, 2021, the Court granted a modification of conditions to provide that restitution would be satisfied in monthly amounts of not less than 15% of her gross monthly income. (DE 71).

such challenge in her written agreement to plead guilty, citing *United States v. Damon,* 933 F.3d 269, 275 (3d Cir. 2019).[2]

Ms. Bautista's plea agreement, entered in 2015, contains a waiver provision:

> [Defendant] knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court . . .

15-cr-351, DE 48 at 11; 15-cr-354, DE 28 at 11.

That language is substantially identical to the waiver language in the District of New Jersey plea agreement upheld in *Damon*:

> [Defendant] knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court. . . .

*Damon,* 933 F.3d at 271.

*Damon* denied that defendant's appeal from the district court's denial of his post-imprisonment motion, pursuant to 18 U.S.C. § 3583, to shorten his term of supervised release. That district court denial was based on the waiver provision in the defendant's agreement to plead guilty, quoted above. *Damon* reasoned that, to be enforceable, a waiver in a plea agreement must meet three criteria: that "(1) [] the issues [defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *Damon*, 933 F.3d at 272 (quoting *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)). *Damon* forecloses any argument that "sentence," as used in this District's standard plea agreement, does not

---

[2] While the government presumably could decline to enforce the waiver, it has not done so.

2

encompass the supervised release component. There is no challenge here to the scope of the plea agreement or the voluntariness of the plea. Ms. Bautista argues only that she has reformed, and that her exemplary conduct demonstrates that further supervision is unnecessary. Such considerations present a judgment call at best, and do not rise to the level of a miscarriage of justice.

In closing, I note the following. The Court is not distrustful of Ms. Bautista's commitment to live a law-abiding life. Her rehabilitation, however, represents supervised release functioning as intended. She does not identify any manner in which the fairly minimal level of supervision here is significantly impairing her ability to reconnect with her family or interfering with such worthy rehabilitative goals as maintenance of employment. And at least one significant obligation, that of restitution in monthly instalments, remains outstanding.

## ORDER

Accordingly, for the reasons expressed above,

IT IS this 24th day of October, 2023,

ORDERED that the defendant's motion for early termination of supervised release (DE 73), pursuant to 18 U.S.C. § 3583(e), is DENIED. The clerk shall file this memorandum and order under both of the docket numbers in the caption above.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge